Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Israel Carrión Cotto, Iluminada Rivera Benítez, Sociedad Legal de Gananciales compuesta ambos.<br><br>Recurridos<br><br>vs.<br><br>OT Rehabilitation Services PSC, representada por su presidente Kenneth W. Ortiz Vicente y Compañías Aseguradoras X, Y, Z<br><br>Peticionarios | KLCE202400167 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: CG2023CV02197<br><br>Sobre:<br><br>Incumplimiento de Contrato, Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de marzo de 2024.

Comparece ante nos, OT Rehabilitation Services PSC, representada por su presidente, el señor Kenneth W. Ortiz Vicente, (en adelante, OT Rehabilitation o peticionario), quien solicita se revoque la "Resolución" dictada el 28 de noviembre de 2023, [1] por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante dicho dictamen el Foro Primario denegó la "Moción Asumiendo Representación Legal y Solicitando Desestimación" presentada por el peticionario.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se expide el recurso de *certiorari*, se revoca la determinación recurrida, y se ordena la consolidación del caso CG2023CV02197 con el caso CG2021CV03250, por los fundamentos que expondremos a continuación.

---
[1] Notificada el 7 de diciembre de 2023.

Número Identificador

SEN2024 _____

**-I-**

El 7 de julio de 2023, el señor Israel Carrión Cotto, la señora Iluminada Rivera Benítez y la Sociedad Legal de Bienes Gananciales compuesta por ambos, (a continuación, matrimonio Carrión–Rivera o recurridos), presentaron una "Demanda" sobre incumplimiento de contrato y cobro de dinero contra OT Rehabilitation, bajo el número de caso CG2023CV02197. En apretada síntesis, los recurridos alegaron una serie de hechos que constituían incumplimientos al contrato de arrendamiento suscrito entre las partes, y reclamaron el cumplimiento específico del contrato. Además, detallaron el total de los montos adeudados, por concepto de cánones de arrendamiento atrasados, recargos y sanciones.

Así las cosas, el 24 de agosto de 2023, el peticionario presentó una "Moción Asumiendo Representación Legal y Solicitando Desestimación". En esencia, planteó que ante el Tribunal de Primera Instancia ya se estaba dilucidando el caso CG2021CV03250, cuyas partes, hechos y controversia eran idénticas. En específico, esbozó que el aquí recurrido, era el demandado en el citado caso, por lo que, le correspondía presentar una reconvención a tenor con la Regla 11 de Procedimiento Civil, *infra*. Así las cosas, argumentó que procedía la desestimación de la "Demanda", por las controversias estar *sub judice* en otro caso.

Por su parte, el 14 de septiembre de 2023, los recurridos presentaron una "Réplica a Moción Solicitando Desestimación", y éstos plantearon que no procedía la desestimación del caso, toda vez que el caso CG2021CV03250 aún no ha sido resuelto. Por tanto, arguyeron que el contrato de arrendamiento entre las partes estaba vigente, y era exigible. A esos efectos, añadieron a su escrito extractos de una deposición tomada el 14 de abril de 2023, como parte del caso CG2021CV03250, para sustentar que no se

habían probado los incumplimientos que el peticionario alegó en su "Demanda". Finalmente, el matrimonio Carrión-Rivera, razonó en su "Réplica", que la desestimación del caso CG2023CV02197 únicamente procedería si el peticionario resultare airoso en el caso CG2021CV03250.

El 28 de noviembre de 2023, el Foro de Primera Instancia emitió "Resolución", donde declaró No Ha Lugar la solicitud de desestimación presentada por OT Rehabilitation.[2] Determinación que reiteró el 29 de enero de 2024,[3] al denegar la "Reconsideración" presentada por el peticionario.[4]

Inconforme, OT Rehabilitation recurre ante nos, y argumenta que el Tribunal de Primera Instancia cometió los siguientes errores:

A. *Erró el Tribunal de Primera Instancia, Sala Superior de Caguas, al no desestimar la demanda. Pues el demandante pretende que el foro apelado adjudique controversias que están ante la consideración de la Sala 802 del Tribunal de Caguas, es decir en salas de igual jerarquía sobre las mismas partes, contratos y bien inmueble.*

B. *Erró el Tribunal de Primera Instancia, Sala Superior de Caguas, al no desestimar la demanda, habida cuenta que los reclamos que alega el demandante, debían ser presentados en el pleito inicial y no de forma independiente o separada.*

**-II-**

**-A-**

Las Reglas de Procedimiento Civil persiguen que las controversias sean resueltas de forma justa, rápida y económica. 32 LPRA Ap. V, R. 1. Por ello, en cuidado de la economía procesal se han establecido disposiciones que regulan el manejo de los casos que se dilucidan en los foros judiciales.

En lo que nos concierne, la Regla 5.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 5.1, dicta que "las alegaciones permitidas serán

---

[2] Anejo IX del Apéndice de la Petición.
[3] La Orden emitida fue notificada en esta misma fecha.
[4] Anejo XII del Apéndice de la Petición.

la demanda, la reconvención, la demanda contra coparte, la demanda contra tercero y sus respectivas contestaciones".

"Una parte puede presentar una reclamación contra una parte adversa a través del mecanismo de la reconvención". *S.L.G. Font Bardón v. Mini-Warehouse,* 179 DPR 322, 332 (2010). La Regla 11.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.3, define el alcance de esta herramienta,

> *Una reconvención puede disminuir o derrotar la reclamación de la parte adversa y también puede reclamar un remedio por cantidad mayor o de naturaleza diferente al solicitado en la alegación de la parte adversa.*

"El propósito de esta regla es evitar la multiplicidad de litigios al crear un mecanismo en el que se diluciden todas las controversias comunes en una sola acción". *S.L.G. Font Bardón v. Mini-Warehouse, supra,* a la pág. 333; *Neca Mortg. Corp. v. A&W Dev. S.E.,* 137 DPR 860, 867 (1995).

Nuestro ordenamiento procesal reconoce dos (2) tipos de reconvenciones: las permisibles y las compulsorias. La distinción entre ambas es medular, puesto la omisión de presentar una reconvención compulsoria podría ser fatal. La Regla 11.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.1, define las reconvenciones compulsorias como aquellas que surgen "del acto, de la omisión o del evento que motivó la reclamación de la parte adversa y no requiera para su adjudicación la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción". Éstas deberán ser presentadas al momento en el que la parte que reconviene notifique su alegación.

Nuestro Tribunal Supremo ha resuelto que, las reconvenciones compulsorias, de no formularse al momento de notificar su alegación, se tendrán por renunciadas las causas de acción que la motivan. *Neca Mortg. Corp. v. A&W Dev. S.E., supra,* a la pág. 867. Dicho de otra manera, en aquellos casos en que no

se formulen oportunamente las reconvenciones compulsorias, se considerarán adjudicados la totalidad de los hechos y reclamaciones, sin que el demandado pueda presentar posteriormente una reclamación que haya surgido de los mismos eventos". *Íd.*

Por otro lado, en el caso de *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407, 424–425 (2012), nuestro más Alto foro resolvió que el criterio rector para determinar que estamos ante una reconvención compulsoria lo será,

> *(1) "si existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención"; (2) "cu[a]ndo los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto"; (3) "[s]i las cuestiones de hecho y de derecho entre ambas son las mismas"; (4) "si la doctrina de res judicata impediría una acción independiente", y (5) "si ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente". R. Hernández Colón,* Práctica jurídica de Puerto Rico: derecho procesal civil, *4ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2007, pág. 218.*

En cuyo caso aplicará "por analogía, el principio de la cosa juzgada, [siendo concluyente con] relación a aquellos asuntos que pudieron haber sido planteados y no lo fueron". *Consejo Titulares v. Gómez Estremera et al., supra,* a la pág. 425; *Sastre v. Cabrera,* 75 DPR 1, 3 (1953); J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2ª ed., Publicaciones JTS, 2011, T. II, pág. 558. La doctrina de *res judicata* impide una reclamación posterior que debió presentarse como reconvención compulsoria en una acción anterior. Ello es así, porque las reconvenciones compulsorias envuelven controversias y partes sustancialmente idénticas a las de la reclamación primaria. J. A. Cuevas Segarra, *op. cit.* a la pág. 563.

Añade el tratadista Cuevas Segarra en su escrito, J. A. Cuevas Segarra, *op. cit.* a la pág. 559, que:

*La reconvención contra el demandante debe ser en la misma capacidad en la cual el demandante demandó al demandado. Los actos realizados por una misma persona en dos diferentes capacidades deben generalmente ser consideradas "as the transactions of two diferent legal personages". Bender y. William sport Area School Dist., 475 US 534 (1986), citando a F. James & G. Hazard, Civil Procedure, 3rd ed., 1985, pág. 594. El concepto de "Legal Personage" es un medio práctico para identificar el interés real en juego en la demanda.*

Por su parte, la Regla 11.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.2, define las reconvenciones permisivas como aquellas en las cuales la reclamación contra la parte adversa no surge del acto, de la omisión o del evento que motivó la reclamación de dicha parte. *SLG Font Bardón v. Mini-Warehouse, supra,* a la pág. 332.

Ahora bien, nuestro ordenamiento procesal reconoce la presentación de una reconvención con posterioridad a la presentación de una alegación responsiva. Sin embargo, tal alternativa está condicionada al permiso del Tribunal, y supone una reclamación propia "cuya exigibilidad surja después de la parte haber notificado su alegación". 32 LPRA Ap. V, R. 11.4;

*La razón por la que se requiere la autorización, pues si la nueva reclamación afecta sustancialmente el trámite de la reclamación, se puede denegar el permiso de manera que el demandado incoe su reclamo en pleito independiente.*

J. A. Cuevas Segarra, *op. cit.* a la pág. 570.

Añade el Tratadista Cuevas Segarra que "la regla aplica tanto a las reconvenciones compulsorias como a las permisibles. El único requisito es que tal reclamación *"madure",* luego que la parte haya radicado su alegación responsiva y se solicite permiso al tribunal". J.A. Cuevas Segarra, *op. cit.* a la pág. 569. Cuando las respectivas reclamaciones de las partes están basadas en diferentes violaciones del mismo contrato, la reconvención puede considerarse permisible. J.A. Cuevas Segarra, *op. cit.* a la pág. 568.

Asimismo, en aras de evitar la multiplicidad de los pleitos, la Regla 11.5. de Procedimiento Civil, 32 LPRA Ap. V, R. 11.5, provee un mecanismo para presentar una reclamación, por medio de reconvención, a pesar de que ésta no fue formulada al momento de contestar la demanda, por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia. Esta última, también estará sujeta al permiso del Tribunal, y será presentada mediante una enmienda a la contestación de la demanda.

Según esbozado, si bien es cierto que nuestro ordenamiento procesal exige la presentación de la reconvención compulsoria al momento de contestar la demanda, salvadas excepciones permiten presentarla posteriormente. *SLG Font Bardón v. Mini-Warehouse, supra,* a las págs. 333-334.

> *En primer término, se puede presentar una reconvención compulsoria a través de una alegación suplementaria. Regla 11.5 de Procedimiento Civil de Puerto Rico. Este mecanismo se utiliza cuando es con relación a una reclamación cuya exigibilidad advenga luego de que dicha parte haya notificado su contestación a la demanda. **El objetivo de esta regla es poner al día el litigio, añadiendo alegaciones sobre hechos que hayan surgido "con posterioridad a la alegación que se pretende suplementar".***
>
> *Otra de las instancias en las que una parte puede presentar una reconvención compulsoria es a través de una solicitud de enmienda a su alegación. Regla 11.6 de Procedimiento Civil. Se reconoce esta excepción en aquellos casos en los que una parte deje de formular una reconvención en su contestación a la demanda por descuido, inadvertencia o negligencia excusable, o cuando así lo requiera la justicia.*

(Énfasis nuestro).  (Citas omitidas).

El poder que tienen los Tribunales para conceder los remedios de suplementar o enmendar alegaciones, para incluir la reconvención, está revestido de discreción, y sólo será modificado en casos que se demuestre abuso de ésta.  El Tribunal Supremo analizó estos requisitos, para guiar la discreción de los tribunales.

> *A pesar de que los Tribunales pueden conceder las enmiendas de forma liberal, esta liberalidad no es*

*infinita.* Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1976). Al momento de permitir una enmienda a las alegaciones se deben ponderar los factores siguientes: "(1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". Íd.,* a la pág. *334.*

Cada uno de estos factores deberá ser auscultado en conjunto, ya que ninguno de ellos opera aisladamente. A modo de ponerlo en contexto, el Tribunal Supremo ha resuelto que el paso del tiempo no impide, *ipso facto*, que el tribunal admita una enmienda. Ello pues, los tribunales deberán conceder el permiso para enmendar la demanda liberalmente, aun en etapas avanzadas de los procedimientos. Tan es así, que se pueden realizar enmiendas a las alegaciones en etapas tan avanzadas como la "Conferencia con Antelación al Juicio". *Íd.*, a la pág. 335.

Existen dos factores de suma relevancia que deben considerar los tribunales al momento de conceder o denegar la autorización de enmiendas a las alegaciones. El primero lo será el perjuicio que se cause a la parte contraria, pues si la solicitud de autorización se presenta en un momento irrazonable, se debe denegar. Por último, se analizará si tal enmienda altera radicalmente el alcance y la naturaleza del caso convirtiendo la controversia inicial en tangencial, en cuyo caso se denegará. *Íd.,* a las págs. 335-336.

Nótese que, "[e]l cambio de teoría por sí solo no es suficiente para denegar el permiso a menos que éste cause perjuicio al demandado". *Íd.*, pág. 336, citando a J.A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, San Juan, Pubs. J.T.S., 2000, T. I, pág. 317.

Finalmente, no pese a la liberalidad con la cual los Tribunales podrán conceder el permiso para enmendar, el demandado deberá solicitarlo oportunamente. De lo contrario,

esta podrá ser denegada por incuria o falta de buena fe.  J. A. Cuevas Segarra, *op. cit.* a la pág. 571.

**-B-**

La Regla 38.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 38.1, expone que:

> *Cuando estén pendientes ante el tribunal pleitos que comprendan cuestiones comunes de hechos o de derecho, el tribunal podrá ordenar la celebración de una sola vista o juicio de cualquiera o de todas las cuestiones litigiosas comprendidas en dichos pleitos, podrá ordenar que todos los pleitos sean consolidados y podrá dictar, a este respecto, aquellas órdenes que eviten gastos o dilaciones innecesarias.*

Al igual que con las reconvenciones, nuestro Tribunal Supremo ha reconocido que "[u]n principio cardinal en nuestro derecho procesal es el de evitar la multiplicidad de pleitos, y de adjudicar en una causa las distintas reclamaciones de las partes cuando la naturaleza de las causas lo permiten". *López Valdés v. Tribunal Superior*, 96 DPR 779, 792 (1968). Lo anterior, a la luz de la necesidad de "evitar la proliferación de acciones, lograr la economía procesal y evitar la indeseable probabilidad de que surjan fallos incompatibles relacionados con un mismo incidente" *Vives Vázquez v. ELA,* 142 DPR 117, 125 (1996), citando a *Granados v. Rodríguez Estrada II*, 124 DPR 593, 608 (1989).

En atención a la precitada regla procesal, nuestro Tribunal Supremo señaló que los reclamos no tienen que surgir del mismo evento o transacción. *Íd.*, a la pág. 27.  Dicha disposición tampoco requiere la existencia de hechos o derecho en común, basta con que haya similaridad en uno u otro.

**-C-**

A tenor con el Art. 1077 del Código Civil de Puerto Rico, Edición de 1930, según enmendado, 31 LPRA sec. 3052, ante el incumplimiento de alguna obligación recíproca, las partes podrán

escoger entre exigir el cumplimiento específico del contrato o resolver el mismo. El citado artículo expresa que:

> *La facultad de resolver las obligaciones se entiende implícita en las recíprocas, para el caso de que uno de los obligados no cumpliere lo que le incumbe.*
>
> *El perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de daños y abono de intereses en ambos casos. También podrá pedir la resolución, aun después de haber optado por el cumplimiento, cuando éste resultare imposible.*
>
> *El tribunal decretará la resolución que se reclame, a no haber causas justificadas que le autoricen para señalar plazo.*
>
> *Esto se entiende sin perjuicio de los derechos de terceros adquirentes, con arreglo a los Artículos 1247 y 1250, y las disposiciones de la Ley Hipotecaria.*

Las obligaciones recíprocas son aquellas en las cuales existen prestaciones y contraprestaciones a tal extremo interdependientes entre sí. En éstas una obligación es la causa determinante de la otra, y el cumplimiento de esa obligación por un contratante constituye el motivo del contrato para el otro, y viceversa. *Municipio de Ponce v. Vidal*, 65 DPR 370, 375 (1945).

Nótese que el antedicho artículo del Código Civil provee un mecanismo a las partes del contrato, para resolverlo, exigir el cumplimiento específico, y en instancias pedir resarcimiento de daños. *Álvarez v. Rivera*, 165 DPR 1, 19 (2005). En cuanto al derecho de resolver el contrato, la jurisprudencia reconoce una condición resolutoria tácita en todo contrato bilateral que opera *ex propio vigore. Íd.*

Dependiendo la magnitud del incumplimiento de la otra parte, el perjudicado podrá elegir entre exigir el cumplimiento del contrato o declarar su resolución. En otras palabras, si el que incurre en incumplimiento exige la satisfacción de la prestación debida, la otra parte puede oponer la defensa del contrato incumplido. *Íd.,* a la pág. 20. Ahora bien, sólo procederá la

resolución del contrato cuando el cumplimiento parcial o defectuoso de la obligación implica la frustración de la finalidad contractual para el perjudicado. *Íd.,* a las págs. 19-20.

**-D-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia,* 154 DPR 79, 90-92 (2001).

La Regla 52.1 de las de Procedimiento Civil de 2009, según enmendada, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486 (2019). Como norma general, dicho recurso sólo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

Ahora bien, para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone lo siguiente:

> *El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:*
>
> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Además, resulta pertinente apuntar el hecho de que los tribunales de instancia poseen gran flexibilidad y discreción para lidiar con el manejo diario y la tramitación de los asuntos judiciales. *In re Collazo I*, 159 DPR 141 (2003). Así, se les ha reconocido a los jueces el poder y la autoridad suficiente para conducir los asuntos ante su consideración de la forma y manera que su buen juicio les indique. *Íd.*

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que, como norma general, el Tribunal de Apelaciones no intervendrá en el manejo del caso ante la consideración del foro primario. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

El Tribunal de Apelaciones sólo intervendrá en el ejercicio de la discreción del Tribunal de Primera Instancia en aquellas situaciones en que se demuestre que este último: (1) actuó con perjuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo. *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

Asimismo, en el Art. 4.002 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 – 2003, según enmendada, 4 LPRA sec. 24u, en relación a la competencia del Tribunal de Apelaciones, se establece la importancia de brindar acceso fácil, económico y efectivo a la

ciudadanía, así como permitir la comparecencia efectiva de ciudadanos por derecho propio. *Fraya v. ACT*, 162 DPR 182, 189-190 (2004); *Salinas v. S.L.G. Alonso*, 160 DPR 647, 658 (2003).

**-III-**

Según esbozado, OT Rehabilitation arrendó del Matrimonio Carrión-Rivera el local comercial descrito como DK-5, ubicado en la Calle España del Barrio Bairoa, en Caguas.

Alega OT Rehabilitation que, ante discrepancias con los recurridos en el uso y disfrute de la propiedad rentada, éste instó el pleito CG2021CV03250, y solicitó la resolución del contrato de arrendamiento por actos de los recurridos. A su vez, reclamó el resarcimiento de los daños causados.

Tras varios años de litigio en el pleito anterior, el 7 de julio de 2023, el Matrimonio Carrión-Rivera instó un pleito independiente en solicitud del cumplimiento específico del contrato de arrendamiento, bajo el número de caso CG2023CV02197.

En esencia, el contrato cuya resolución se solicita en el caso CG2021CV03250, instado en el año 2021, es el mismo que, los recurridos solicitan su cumplimiento específico en el caso CG2023CV02197. Podemos colegir, del derecho esbozado, que ambos remedios surgen al amparo del Art. 1077 de Código Civil del año 1930, *supra.*

Por su parte, el 24 de agosto de 2023, el peticionario presentó en el caso CG2023CV02197, una "Moción Asumiendo Representación Legal y Solicitando Desestimación". En ésta planteó que procedía la desestimación del caso, pues la controversia en torno a la exigibilidad del contrato entre las partes se estaba dilucidando ante dicho foro, en el caso CG2021CV03250. A su vez, planteó, que, por tratarse del mismo contrato de arrendamiento, lo que procedía era que, los aquí recurridos presentaran una reconvención compulsoria en el caso

CG2021CV03250. Atendida la solicitud de desestimación, el Foro de Instancia la declaró No ha lugar, y reiteró su posición al denegar la "Moción de Reconsideración" presentada con posterioridad.

El peticionario plantea que el Foro recurrido cometió varios errores, los cuales, por estar íntimamente relacionamos, discutiremos en conjunto.

Según el derecho reseñado, la reconvención, independiente de si es compulsoria o permisible, tiene como propósito evitar la multiplicidad de litigios al crear un mecanismo en el que se diluciden todas las controversias comunes en una sola acción. *S.L.G. Font Bardón v. Mini-Warehouse, supra,* a la pág. 333; *Neca Mortg. Corp. v. A&W Dev. S.E., supra,* a la pág. 867.

A su vez, las reconvenciones compulsorias no formuladas, al momento de contestar la demanda, tienen efecto que se den por renunciadas todas las causas de acción que debieron ser atendidas y no fueron formuladas. Ante ello, es meritorio reiterar que el criterio rector, para determinar si la reclamación contra la parte adversa es una reconvención compulsoria, lo es,

> *(1) "si existe una relación lógica entre la reclamación presentada en la demanda y la que es objeto de la reconvención"; (2) "cu[a]ndo los hechos esenciales de ambas reclamaciones están tan vinculados que la economía judicial exige que se ventilen en conjunto"; (3) "[s]i las cuestiones de hecho y de derecho entre ambas son las mismas"; (4) "si la doctrina de res judicata impediría una acción independiente", y (5) "si ambas reclamaciones surgen de la misma prueba y están vinculadas lógicamente".*
>
> *R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 4ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2007, pág. 218.*

En el caso de marras, arguyen los recurridos que los reclamos incluidos en el caso CG2023CV02197 no fueron incluidos como una reconvención, pues, versan sobre hechos ocurridos con posterioridad a la presentación de la "Contestación a la Demanda".

No obstante, hemos observado que, en ambos casos, las partes han comparecido en la misma calidad de arrendador y arrendatario. Por lo que, podemos inferir que los hechos a exponer, y el derecho aplicable serán relativamente similares.

Ahora bien, si bien no procede la desestimación del pleito CG2023CV02197, se desprende que el presente caso, al igual que, el caso CG2021CV03250, versan esencialmente sobre la exigibilidad del contrato de arrendamiento suscrito entre OT Rehabilitation y los recurridos.

En aras de evitar la multiplicidad de litigios y garantizar la economía procesal, nos parece innecesario ocupar dos salas del Tribunal de Primera Instancia para atender controversias cuya finalidad y alcance es el mismo. Además, las propias partes han expresado que, el resultado de caso CG2021CV03250 incide directamente en la validez de los planteamientos del caso CG2023CV02197. Ante ello, procede que los casos antes mencionados sean consolidados en el caso CG2021CV03250, siendo este el más antiguo, para que las controversias sean dilucidadas en un mismo pleito.

Si bien hemos esbozado que la consolidación de los pleitos no depende de que exista identidad entre las partes en los pleitos a consolidarse, señalamos que es un aspecto que puede pesar sobre el ánimo del juzgador al tomar la determinación *Vives Vázquez v. ELA, supra*, a la pág. 127.

**-IV-**

Por los fundamentos expuestos, los cuales hacemos formar parte de este dictamen, expedimos el auto de *certiorari* y revocamos la "Resolución" recurrida, a los fines de que se ordene la consolidación del caso CG2023CV02197, con el caso CG2021CV03250, por ser este último el más antiguo. Se devuelve

el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones